[No. 10008. Department One. December 20, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Riekele Zylstra et al., Plaintiff,* v. C. W. CLAUSEN, *State Auditor, Defendant.*[1]

SCHOOLS AND SCHOOL DISTRICTS — INDEBTEDNESS — LIMITATIONS. Where two school districts are each indebted in excess of two per cent of their taxable property as shown by the last assessment, and are consolidated and the consolidated district issues bonds in excess of three per cent of its taxable property, the issue is void, as being in excess of the constitutional limitation of five per cent of the taxable property in the consolidated district, as each district, under Rem. & Bal. Code, § 4446, is subject to taxation as a separate entity for the purpose of paying its prior indebtedness.

MANDAMUS—WHEN LIES—TO STATE OFFICERS—SCHOOL BONDS— VALIDITY. Where bonds issued by a school district in excess of the constitutional limit of indebtedness were purchased by the state officers empowered to invest the school fund, mandamus will not lie to compel the state auditor to issue a warrant for such portion of the bonds as would fall within the constitutional limit, the bonds being void and attacked prior to acceptance of the issue; there being in such case no question of estoppel or good faith.

Application filed in the supreme court November 14, 1911, for a writ of mandate to compel the state auditor to issue a warrant for school bonds sold to the state. Denied.

[1]Reported in 119 Pac. 797.

*James Zylstra*, for plaintiff.

*The Attorney General* and *R. E. Campbell, Assistant*, for defendant.

FULLERTON, J.—On August 13, 1910, pursuant to the statutes authorizing the consolidation of school districts, consolidated school district No. 201, of Island county, was duly organized by the consolidation of former school districts Nos. 3, 6, 7 and 15. On June 21, 1911, an election was held in the consolidated district, whereat it was determined to issue negotiable coupon bonds in the sum of $11,000, for the purpose of building and equipping a school building for the use of the consolidated district. Thereafter the bonds were executed and duly offered for sale, when the state of Washington, acting through its officers authorized to invest the irreducible school fund, became the highest bidder for the same. The bid of the state was accepted and the bonds tendered to the state auditor on behalf of the state. The auditor submitted them to the attorney general for an opinion as to their regularity and validity, and acting on his advice refused to accept or draw a warrant for the same on the ground that the issue was illegal. This is a proceeding in mandamus to compel the auditor to accept the bonds, and issue his warrant in payment thereof.

The record discloses that if the bonds tendered the auditor were issued, their issuance would create an indebtedness on behalf of the consolidated district slightly in excess of three per centum of the taxable property therein, as shown by the last assessment for state and county purposes. It appears, also, that districts Nos. 6 and 7 had an indebtedness at the time of their consolidation exceeding two per centum of the taxable property therein, as shown by the last assessment for state and county purposes. As each member of the consolidated district retains its corporate existence for the purpose of paying its prior indebtedness, and

is subject to taxation therefor as a separate entity (Rem. & Bal. Code, § 4446), it is plain that the issuance of the bond in question will create an indebtedness over this portion of the consolidated district exceeding the constitutional limitation of five per centum. It is for this reason that the auditor was advised to refuse to accept the bonds.

The relators argue that the consolidation of several school districts is the creation of a new entity in nowise affected by the entities of which it is composed, and that its limitation of indebtedness is to be measured by the assessed value of the taxable property within its boundaries, regardless of the amount of indebtedness the entities of which it is composed had formerly incurred for like purposes. But this contention seems to us untenable. It is manifest that the constitution intended to limit the amount of indebtedness any particular territory could incur for school purposes to five per centum of the value of the taxable property therein, to be ascertained by the last assessment for state and county purposes previous to the incurring of the indebtedness. To hold with the relators' contention would be to do away with the limitation entirely, as the legislature, by providing for successive reincorporations of the same territory, could create a new limitation whenever the existing limitation should be reached.

The relator contends further that the bonds are void only for the excess over and above the limitation of five per centum of the taxable property affected, and that the auditor ought to be compelled to accept and pay for so much of them as the district could lawfully issue. But we think this contention likewise untenable. It may be that had the state purchased the bonds and the district had sought to avoid them by showing that they were issued in excess of the constitutional limitation, we would, on equitable principles, allow the contention only for the excess of the issue. But where the attack is made in advance of the issue, another question is presented. No principle of estoppel, good faith,

or good morals enters into it. The question is one of law simply, and since the attempted issue is contrary to law, the state should not be compelled to accept any part of it.

The writ will be denied.

DUNBAR, C. J., PARKER, MOUNT, and GOSE, JJ., concur.