[No. 12239.  Department One.  September 9, 1914.]

THE STATE OF WASHINGTON, *on the Relation of the City of Olympia, Respondent,* v. I. N. HOLMES, *as City Clerk, Appellant.*[1]

COURTS—DECISIONS—STARE DECISIS—RULE OF PROPERTY. A construction placed upon the constitution, resulting in the incurring of numerous obligations on the part of municipalities, which a contrary ruling would render invalid, to the loss of innocent parties, will be adhered to as announcing a rule of property.

MUNICIPAL CORPORATIONS—DEBTS—LIMITATIONS — CONSTITUTIONAL PROVISIONS. Where voters authorizing a bonded indebtedness plainly evidenced an intent that the debt so incurred be exclusive of the one and one-half per cent limit authorized by the constitution to be incurred without assent of the voters, and without curtailing the power of the city authorities to incur debts up to that limit, and the bonded indebtedness, while not exceeding the constitutional limit of three and one-half per cent of the assessed value of property within the city at the time the debt was incurred, is now considerably in excess thereof and, together with other debts, incurred by the city without the assent of the voters, constitutes a total indebtedness exceeding the constitutional limit of five per cent of the present assessed value of property within the city, caused by a lower assessed value of property than when the bonded indebtedness was incurred, the city authorities have power to incur indebtedness within the one and one-half per cent limit at any and all times.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered June 13, 1914, upon the pleadings, in favor of the relator, in mandamus proceedings. Affirmed.

*Frank C. Owings, W. V. Tanner,* and *R. E. Campbell,* for appellant.

*George R. Bigelow* and *Troy & Sturdevant,* for respondent.

PARKER, J.—This is a mandamus proceeding, commenced in the superior court for Thurston county, by the city of Olympia as relator, against I. N. Holmes, its city clerk, seek-

[1]Reported in 142 Pac. 1148.

ing to compel him to issue warrants in payment of certain indebtedness owing by the city in compliance with the due allowing and ordering of payment thereof by the city council. Judgment being rendered by the superior court upon the pleadings in favor of the relator, granting a writ of mandate against the city clerk as prayed for, he has appealed therefrom to this court.

Appellant refused to issue warrants in payment of the indebtedness allowed and ordered paid by the city council, upon the ground that the total debt of the city already exceeds its constitutional debt limit, measured by the last assessment made for general taxation. The decision of the superior court is rested upon the ground that the constitutional debt limit of one and one-half per cent of the last assessment, to which extent the city may become indebted without the assent of the voters, will not be exceeded by the allowance and issuance of warrants in payment of this indebtedness. The pleadings put in issue the question of these obligations being debts of necessity which the city may incur regardless of the constitutional debt limit, but the disposition of the cause by the superior court upon the ground that the city's constitutional debt limit will not be exceeded by their allowance rendered it unnecessary to hear evidence upon and determine the question of their character in this regard.

Section 6, art. 8, of our state constitution, in so far as necessary to be here noticed, reads as follows:

"No county, city, town, school district or other municipal corporation, shall for any purpose become indebted in any manner to an amount exceeding one and one-half per centum of the taxable property in such county, city, town, school district, or other municipal corporation, without the assent of three-fifths of the voters therein voting at an election to be held for that purpose, nor in cases requiring such assent shall the total indebtedness at any time exceed five per centum on the value of the taxable property therein, to be ascertained by the last assessment for state and county purposes previous to the incurring of such indebtedness; . . ."

The controlling facts appearing in the pleadings are, in brief, as follows: The city has a bonded indebtedness at the present time amounting to considerably more than three and one-half per cent of the total of the last assessment of property within the city made for general taxation, which indebtedness was duly authorized by the voters of the city in such manner as to render it plain that the intent was thereby to incur an indebtedness by the city exclusive of the one and one-half per cent constitutional debt limit which the city authorities might incur without the assent of the voters, and without in any manner restricting the power of the city authorities to incur debts of the city up to the one and one-half per cent limit. Indeed, it has been adjudicated in the courts that such was the intent of the voters of the city of Olympia in authorizing this bonded debt. If this indebtedness, which the voters themselves assented to, be excluded from consideration here, it is plain from the conceded facts touching the city's financial condition that the other indebtedness already incurred by the city authorities, together with the obligations here involved, will fall considerably short of equalling one and one-half per cent of the last assessment of property within the city made for general taxation. This bond indebtedness we may, for present purposes, regard as all valid and as not exceeding three and one-half per cent of the assessed value of property within the city at the time it was incurred, though this may not be strictly true. However, this bond indebtedness exceeds, by a considerable sum, three and one-half per cent of the present total assessed value of property within the city, and if now added to the other debt already incurred by the city authorities by virtue of their power to incur debts without the assent of the voters, the result will show a total indebtedness of the city amounting to considerably more than five per cent of the present assessed value of property within the city.

It is contended by counsel for appellant that, since the total debt of the city now exceeds five per cent of the present

assessed value of property within the city, caused by the pres-
ent assessed value of property within the city being less than
at the time of the incurring of this bonded debt by assent of
the voters, the city authorities have no power to incur further
indebtedness within the one and one-half per cent limit,
though the present debt incurred by them without the assent
of the voters falls far short of the one and one-half per cent
limit. In other words, that to whatever extent this bonded
debt incurred with the assent of the voters exceeds three and
one-half per cent of the present assessed value of property
within the city, to that extent the one and one-half per cent
limit of indebtedness which the city authorities may incur
under ordinary circumstances without the assent of the voters
is curtailed. Counsel for respondent contend that, in view
of the intent of the voters, in incurring this bonded debt, not
to in any manner curtail the power of the city authorities
to incur debts within the one and one-half per cent limit, the
power of the city authorities in that regard should be meas-
ured wholly independent of this bonded debt incurred with the
assent of the voters.

In *Hazeltine v. Blake,* 26 Wash. 231, 66 Pac. 394, review-
ing former decisions of the court touching the question of
the separateness of these limitations where it is evident that
the debt incurred with the assent of the voters is not intended
to curtail the power of the city authorities to incur debts
within the one and one-half per cent limit, Judge Fullerton,
speaking for the court, said:

"It is contended by the appellant that every debt of a
municipality, no matter by what authority incurred, must be
taken as a part of the first limitation, and that if these debts
equal one and one-half per centum of its taxable property,
the municipality is without power to incur a further indebt-
edness without the assent of the voters. As sustaining this
contention the case of *Hunt v. Fawcett,* 8 Wash. 396 (36
Pac. 318), is cited and relied upon. While in the course of
the opinion in that case some language was used which would
seem to support the appellant's claim, the case was said in

the later one of *State ex rel. Barton v. Hopkins,* 14 Wash.
59 (44 Pac. 134, 550), not to lay down the doctrine con-
tended for. It was there held that a bonded debt of a county,
incurred with the assent of the voters for the purpose of
building a court house, had no relation to the one and one-
half per centum of indebtedness then owing by the county,
or which might thereafter be incurred by it within that limi-
tation; the court saying that whether an indebtedness in-
curred with the assent of the voters of a municipality was to
be treated as an indebtedness belonging to its first or second
limitation must be determined by the intent which is made
to appear by the ratification of the proposition submitted,
and that this intent must be gathered from the form of the
proposition interpreted in the light of the facts existing at
the time of the submission. This case was cited with approval
in the still later case of *Graham v. Spokane,* 19 Wash. 447
(53 Pac. 714); and, while no discussion of the precise ques-
tion was entered upon in the opinion, the effect of the de-
cision was to affirm the proposition that an indebtedness
could be incurred by a city which should remain independent
of its one and one-half per centum limitation. The wisdom
of this construction of the constitution we do not now feel
called upon to discuss. It must be adhered to as announcing
a rule of property. On the faith of this construction many
debts have been incurred by municipalities which the contrary
rule would render invalid, to the loss of innocent persons who
have every moral right to be protected."

*State ex rel. Strahorn v. Blake,* 26 Wash. 237, 66 Pac.
396, is also in harmony with these views. The logic of these
decisions, we think, must result in the affirmance of the trial
judge's decision.

Our attention is called to the later decisions in *State ex
rel. Zylstra v. Clausen,* 66 Wash. 324, 119 Pac. 797, and
*Pilling v. Everett,* 67 Wash. 109, 120 Pac. 873, as tending
to support the view that five per cent of the assessed value of
the property within a municipality must, under all circum-
stances and at all times, control the limit of the municipal-
ity's power to incur indebtedness. While in those decisions
the constitutional limit of indebtedness is referred to as ex-

ceeding five per cent of the assessed value of the property within the municipality, the question of determining the effect of the one and one-half and the three and one-half per cent limit separately, after a reduction in the assessed value of the property within the municipality had occurred, was in no way involved. We think these decisions are not controlling here.

We quote, with approval, remarks made by the learned trial judge in disposing of this case, as follows:

"As to the limitation in the constitution that the total indebtedness shall not exceed five per centum, it is to be noticed that, after the provision for one and one-half per centum without any popular approval, the constitution then reads: '*Nor in cases requiring such assent* shall the total indebtedness at any time exceed five per centum, etc.' by which it is clear that when the city undertakes to incur an indebtedness of that class which requires the approval of a three-fifths popular vote, it must be seen to that such indebtedness thus attempted to be undertaken shall not, together with all other present indebtedness (including that of the first class) exceed the five per centum. This view as to the five per centum limit, however, in no way militates against the independent right of the city to create obligations within the one and one-half per centum, or first classification at any and all times."

These observations, of course, are only applicable where the voters have evidenced their intent, as in this case, not to curtail the power of the city authorities to incur indebtedness within the one and one-half per cent limit.

We conclude that the judgment, directing the issuance of the writ of mandate requiring the clerk to issue warrants in compliance with the order of the city council, should be affirmed. It is so ordered.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.