[No. 12163.   Department One.   September 9, 1914.]

THE STATE OF WASHINGTON, *on the Relation of Washington Public*
*Service Company, Appellant,* v. THE SUPERIOR COURT
FOR THURSTON COUNTY, *Respondent.*[2]

Certiorari to review a judgment of the superior court for Thurston county, Dykeman, J., entered June 15, 1914, adjudging a public use, in condemnation proceedings. Affirmed.

*Thomas M. Vance* and *Frank C. Owings,* for appellant.
*Geo. R. Bigelow* and *P. M. Troy,* for respondent.

PARKER, J.—The city of Olympia is seeking to acquire, by eminent domain proceedings, prosecuted in the superior court for Thurston county, the water works plant of the relator. Preliminary hearing was had, resulting in an adjudication by that court that the contemplated use of the property by the city is a public use, and that the city has the power to acquire the property by right of eminent domain. The relator now seeks by writ of review to have that adjudication reversed by this court.

[1]Reported in 142 Pac. 1199.
[2]Reported in 143 Pac. 1198.

It is contended by counsel for the relator that the city is indebted in a sum exceeding its constitutional debt limit, and that, therefore, it is without power to prosecute its eminent domain proceedings. This contention is rested upon the theory that, in the event the proceedings should be abandoned by the city by reason of its inability to pay the amount the jury may award for the taking of the property, together with costs incurred by the relator, from the special fund to be created by the issuance of bonds against the city's water plant, the relator will be without remedy against the city for its costs incurred in the proceedings, and the city thereby, in effect, will incur an obligation in excess of its constitutional debt limit, which it will have no power to pay.

In the case of *State ex rel. Olympia v. Holmes, ante* p. 403, 142 Pac. 1148, it was determined that the city was not beyond its constitutional one and one-half per cent debt limit. The facts of that case touching this subject are concededly applicable to this question as here presented. This conclusion renders it unnecessary for us to consider other questions presented. We conclude that the superior court was not in error in adjudging that the city had power to proceed.

The adjudication is affirmed, and the cause remanded for further proceedings.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.