CHEEK v. EYE et al. and MITSLER et al. v. SAME.

No. 14122—Opinion Filed Oct. 9, 1923.

Rehearing Denied Nov. 6, 1923.

(Syllabus.)

1. Injunction—Quo Warranto—Validity of School District Organization.

After a municipal corporation, such as a consolidated school district, had been organized, quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization. The courts are without power so to do by injunction, or to restrain existing officers from exercising their proper functions.

2. Quo Warranto—Right of Action of Taxpayers Against Municipal Corporation.

Private individuals, who have no interests other than as citizens, residents, and taxpayers of a municipal corporation, can not maintain an action of quo warranto against such corporation.

3. Same—Proper Parties Plaintiff.

If the injury is one that particularly affects a person, he has a right to the action.

If it affects the whole community alike, their remedy is by proceedings by the state, through its appointed agencies.

4. Schools and School Districts—Validity of Bond Issue for Consolidated District —Constitutional Limitations.

The indebtedness of a consolidated school district under the constitutional limitations is five per centum of the value of the taxable property, and where certain school disticts have disorganized and one of them had a bonded indebtedness of approximately nine-tenths of one per centum of the taxable property within said district, and the consolidated district attempted to vote bonds in excess of four and two-tenths per cent. of that total valuation of the property in the consolidated district, held, under and by virtue of section 10469, Comp. Stat. 1921, the indebtedness of the old district remains intact, and it is the duty of the excise board to levy a tax upon the property in that district. The bond issue makes the property in the old district subject to a school tax in excess of five per cent., and therefore is in violation of the Constitution and illegal.

Error from District Court, Craig County; A. C. Brewster, Judge.

Actions by Floyd Cheek and Martin Mitsler and others against Ulrey C. Eye and others, consolidated. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

Kornegay & Probasco, for plaintiffs in error.

Warren K. Snyder, for defendants in error.

McNEILL, J. This action was commenced by Floyd C. Cheek against Ulrey C. Eye, Ed. Hicks, Preston Proctor, and Hildred Womack. The plaintiff alleges that he is the duly elected, qualified school district clerk of school district 45, Craig county, and the defendants are claiming to be school district clerk and members of said school board, respectively; and that Hildred Womack is county superintendent; and that said defendants nor any of them are residents of said school district, but are usurping the office and entering into the offices of said school district 45, and are unlawfully usurping the rights of said school district offices. Plaintiff prayed defendants show under what right and authority they are assuming to be holding the office of members of the school board of district 45, and if they fail, they be prohibited from interfering with plaintiff.

To this petition, the defendants answered and denied that school district 45 was in existence. Defendants admitted they were members of the school board of consoli-

dated district No. 2, which was organized out of districts Nos. 45, 27, and 72 and 58, at an election held for that purpose. It is admitted Hildred Womack is county superintendent. To this answer the plaintiff replied that said school districts were not adjacent and under the law could not be consolidated and no election was held for the purpose of consolidating said districts. That under the law the election for consolidation should be in an open school meeting, and no such election was ever had. That the only attempt for an election for such purpose was on the 6th day of April, which was held away from the school meeting, at a place guarded by partisans, and the votes were not taken and recorded in the open school meeting, and that the majority of the legal voters did not vote at the election for consolidation.

Thereafter an action was commenced by Mitsler, Holmes, Bryant, and Pennington against said three school officers, alleging that plaintiffs were each taxpayers of the school districts consolidated in school district No. 2; that in the month of April, 1922, a meeting was called for the purpose of deciding upon consolidating the districts into one district; that the vote was not taken in the school meeting, but was held in a building away from the school meeting behind closed doors and guarded by a partisan of the question for consolidation with a hatchet, who kept out of the room all persons except the election officers and the person voting, and no means were afforded to opponents to ascertain the correctness of the vote. That said school districts are not adjacent and there is no authority to consolidate districts not adjacent. It is alleged if the districts are rightfully consolidated the defendants are the officers. It is further alleged the defendants contend that on the 12th day of May there was an election held for voting bonds in the sum of $25,000 for the purpose of purchasing school sites, erecting building, and buying furniture. That the election resulted in favor of the bonds. It is further alleged the defendants contend there was an election for selecting a school site, and the site was selected in Centralia; that said site is one and one-half miles from the geographical center of the district; that by reason of the location of the school site, many of the patrons in districts 45, 27, 72 and 58 will be so far from school they will be unable to attend. That no petition by the qualified electors was presented to the board asking for the election. That there were not five notices of the proposed election put up in five of the

most public places in the district stating purposes thereof. It is further alleged that the present indebtedness of district No. 27 coupled with the bonded indebtedness of $25,000 claimed to be authorized will render the indebtedness more than five per cent. of the assessed valuation of the property.

Plaintiffs ask that defendants be required to show by what authority they propose to issue the bonds and whether they locate the school building over one and one-half miles from the geographical center, how much they expect to spend for site, for building, and how much for furniture, and that the defendants be further enjoined from issuing any bonds and from erecting a school building less than one-half mile from the geographical center of the district and appropriating any money for that purpose.

To this petition, the defendants filed an answer setting out the proceedings of the consolidation of the school district, admitting that the election was held for voting bonds, and resulted in favor thereof, and at the same time the election was held an election was held for selection of a' school site, which site was selected in Centralia; and denied the other facts. These two cases were consolidated and tried together.

Upon the trial of the case, the court denied the plaintiffs any relief and dismissed their petition. From said judgment the plaintiffs have appealed.

This court in a long line of decisions has announced as follows:

"After a municipal corporation, such as a consolidated school district, has been organized, quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization. The courts are without power so to do by injunction, or to restrain existing officers from exercising their proper functions." See Fowler v. Park, 79 Okla. 1, 190 Pac. 668.

The action, in so far as they attempt to test the legal existence of consolidated district No. 2, fails to state a cause of action, unless, as it is contended by plaintiffs in error; the action by Mr. Cheek is an action in quo warranto. Without deciding whether the allegations of the petition are sufficient to make it an action in quo warranto, let us concede for the purpose of this case that the allegations are sufficient. The question then presented, Can a private individual maintain an action in the

nature of quo warranto to test the validity of the organization of consolidated school district? This question is also applicable to the case of the other plaintiffs in so far as they contend the corporation was not legally organized. The plaintiffs in error rely upon section 4921, Rev. Laws 1910, being section 460, Comp. Stat. 1921, and cite the case of Kelly v. School District No. 10, 13 Okla. 285, 74 Pac. 110, as authority to support the contention that a taxpayer may maintain an action of quo warranto to test the validity of the corporate existence of a municipal corporation. We cannot agree that the above case has any application to the facts in the case at bar, nor was there any attempt in that case to test the validity of the organization of the municipal corporation. Section 460, Comp. Stat. 1921, supra, is identical with the Kansas statute relating to quo warranto. The Supreme Court of that state in the case of Miller v. Town of Palmero, 12 Kan. 21, in construing its statute, stated as follows:

"Private individuals, who have no interest other than as citizens, residents, and taxpayers of a municipal corporation, cannot maintain an action of quo warranto against such corporation.

"If the injury is one that particularly affects a person, he has a right to the action. If it affects the whole community alike, their remedy is by proceedings by the state, through its appointed agencies."

See Albach v. Fraternal Aid Union (Kan.) 164 Pac. 1065; State ex rel. Tolle v. Shufford (Kan.) 94 Pac. 137. See, also, State of Minn. ex rel. Wah-We-Yea-Cumin v. Olson (Minn.) 119 N. W. 799, 21 L. R. A. (N. S.) 685, where the cases are annotated. This ruling is consistent with the holding of this court in the case of Fowler, County Supt. of Instruction, v. Parks, 79 Okla. 1, 190 Pac. 668, wherein the previous decisions of this court are cited. By applying the rule announced in the above entitled cases Mr. Cheek, the plaintiff, had no authority to maintain an action in the nature of quo warranto, nor did the petition of the other plaintiffs, in so far as it attempted to question the validity of the organization of the school district, state a cause of action.

This disposes of all the questions in the case in so far as the validity of the consolidated school district is involved. We next come to the case in so far as it relates to the bonds. It is contended that the bond election was illegal for six reasons:

First: That there was no authority to consolidate, and therefore there was no authority to vote bonds for the consolidated district. This contention is not well taken. The validity of the municipal corporation can only be tested by a proceeding in quo warranto on relation of the state, and not by private individuals in an injunction proceeding. See cases heretofore cited.

It is next contended that the bonds were illegal for the reason that it violates section 26, art. 10, of the Constitution, in that the bonded indebtedness of the old district No. 27, when added to the present indebtedness, exceeds five per centum of the valuation of the taxable property in what is old school district No. 27. The indebtedness of district No. 27 amounts to approximately nine-tenths of one per cent. of the total valuation of such school district, and the bonds voted create an indebtedness of more than four and two-tenths per cent. That portion of consolidated school district known as No. 27 will have an indebtedness of over five per centum of the valuation of the property therein. Section 10,-469, Comp. Stat. 1921, provides that upon school districts uniting and forming a consolidated district the indebtedness of the old districts remains intact, and it becomes the duty of the excise board to levy a tax upon the property in that district to create a sinking fund to pay said indebtedness. It also provides that the assets of the disorganized district should be applied in paying the floating indebtedness, then the bonded indebtedness, and the residue of the assets, if any, shall belong to the consolidated district.

The question of how the bonded indebtedness of the organized district shall be computed in determining whether the bonded indebtedness exceeds the five per centum in violation of the Constitution, is a question over which the parties disagree. The plaintiffs in error, to support their contention, cite and rely upon the case of State ex rel. v. Clausen (Wash.) 119 Pac. 797. The facts in the Washington case are as follows: In 1910, school districts numbered 3, 6, 7, and 15 consolidated. In 1911, bonds were voted in the sum of $11,000. The state was the highest bidder for the bonds, but the State Auditor refused to accept the same and mandamus was brought to compel him to accept the bonds. The $11,000 bonds created indebtedness on the consolidated district slightly in excess of three per centum of the taxable property as shown by the last assessment within

said consolidated district. Districts Nos. 6 and 7 had an indebtedness at the time of the consolidation exceeding two per centum of the taxable property as shown by the last assessment for state and county purposes. Under the law each disorganized district retained its corporate existence as a separate entity, for the purpose of paying its prior indebtedness. The court held that the issuance of the bonds in question would create indebtedness on the property comprising districts Nos. 6 and 7, being a portion of the consolidated district, exceeding the constitutional limitation of five per centum.

This case had been cited by the Supreme Court of Washington and discussed in the following cases: Paine v. Port of Seattle, 126 Pac. 628, Paine v. Port of Seattle (Wash.) 127 Pac. 580, State ex rel. v. Holmes (Wash.) 142 Pac. 1148. This case is exactly in point with the facts in the case at bar. No case is cited by the defendants in error where the facts are identical or similar to the facts in the case at bar. Defendants in error, however, contend that it is necessary to add the indebtedness of the old district together with the indebtedness to be created, and if the aggregate does not exceed the constitutional limitations, then it is not a violation of the Constitution.

The fallacy of this argument as applied to the facts in the instant case permits the people's property in what was old school district No. 27 to be incumbered for school purposes with a bonded indebtedness exceeding five per centum of the taxable value of the property as shown by the last assessment. The law provides that the assets of the old district shall be applied to paying off the indebtedness of the old district. The record discloses that the assets of the school property in district No. 27 is still on hand, but the record fails to disclose the value of the same, and whether if the same were disposed of and applied to the indebtedness of that district, the same would reduce the amount of the indebtedness so that the total per centum in that district, including the new indebtedness, would not exceed five per centum. Whether that can be done after the bonds are voted, will not be decided, as it is not briefed. The case, as here presented, shows that the indebtedness, so far as it affects district No. 27, increases the bonded indebtedness of that district to over five per centum of the taxable value of that district, and is in violation of the Constitution.

The third, fourth, and fifth propositions go to the question of the sufficiency of the petition and the resolution for the bond election, and that the ballots were not sufficient. In this it is contended that the petition, resolution, and bonds failed to specify how much is to be applied to the purchase of school building sites, how much for school buildings, how much for erecting school buildings, and how much for furniture. This contention is not well taken, as decided by this court in the case of Board of Education of Oklahoma City v. Woodworth, 89 Okla. 192, 214 Pac. 1077. It is next contended that the location for school site was void as not being within one-half mile of the geographical center. This would not affect the bond issue. If there is any such law that requires a schoolhouse to be located within one-half mile from the center of the district, the same is not cited. There is reference made, however, to section 55 of the School Laws of 1921. We have found such a pamphlet, but section 55 contains no such language. The rules of this court require that if a party relies upon a statute, the section of the statute applicable must be cited.

The assignments of error are not well taken, except the one that the bonded indebtedness of disorganized district No. 27 is in excess of five per centum of the taxable valuation of that district, as shown by the last assessment, and one of the parties being a resident taxpayer of this district has a right to enjoin the issuing and sale of the bonds.

For the reasons stated, the judgment of the trial court is reversed and remanded for a new trial.

JOHNSON, C. J., and KANE, NICHOLSON, COCHRAN, and MASON, JJ., concur.