### IKARD v. UNION GRADED SCHOOL DISTRICT NO. 64 et al.

No. 14143—Opinion Filed Dec. 18, 1923.

Rehearing Denied Feb. 12, 1924.

(Syllabus.)

**Schools and School Districts—Invalidity of Bond Issue—Limitation of Indebtedness —Union Graded School Districts.**

The indebtedness of union graded school district No. 64, under the constitutional limitations provided in section 26, art. 10, of the Constitution, is five per centum of the value of the taxable property of the school district, and, where certain school districts have disorganized and one of them had a bonded indebtedness at the time of the disorganization and the union graded school district No. 64 voted bonds which, added to the existing bonded indebtedness against the property in one of the disorganized school districts, would exceed five per centum of the total valuation of the property embraced in the original common school district, such proposed bond issue is in violation of the Constitution and illegal.

Error from District Court, Caddo County; Cham Jones, Judge.

Action by Lanson O. Ikard against Union Graded School Disttrict No. 64, Caddo County, et al. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

Morgan & Osmond, for plaintiff in error.

Geo. P. Glaze, for defendant in error.

COCHRAN, J. This action was commenced by the plaintiff in error to enjoin the issuance of bonds of union graded school district No. 64, Caddo county, Okla., which were voted at an election held in August, 1922, for the purpose of building a schoolhouse for the union graded school district No. 64. It is the contention of the plaintiff in error that the bonds voted at this election are illegal for the reason that the issuance of the same would be in violation of section 26, art. 10 of the Constitution, in that the bonded indebtedness of common school dstrict No. 64 of Caddo county, Okla., which was one of the districts disorganized and incorporated in the union graded school district No. 64, which added to the proposed bonded indebtedness, would exceed five per centum of the valuation of the taxable property in the territory embraced in what was formerly common school district No. 64. The facts disclose that the proposed indebtedness would increase the bonded indebtedness of that portion of the union graded school district No. 64 beyond five per centum of the taxable valuation of the district, but the indebtedness of the various common school districts which were disorganized and formed into the union graded school district, when added to the amount of the proposed bond issue, does not exceed five per centum of the taxable valuation of the entire property now comprising union graded school district No. 64.

The identical question involved here was determined by this court in Cheek v. Eye, 96 Okla. 44, 219 Pac. 883, except in that case the proposed bond issue was for a consolidated school district instead of a union graded school district, but the question of law presented in that case is the same as the one presented here. In that case it was held that if the proposed bond issue, added to the bonded indebtedness existing against one of the disorganized

school districts forming a part of the consolidated school district, exceeded five per centum of the total valuation of the property in either of the common school districts, such proposed bond issue was invalid, and following that holding, it is our opinion that the proposed bond issue for union graded school district No. 64 is invalid.

The judgment of the trial court is reversed, and cause remanded, with direction to enter judgment for the plaintiff.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.