## ALVA G. BALDWIN V. JOHN MASON.

1. LOT CONTESTS—*Rule Requiring Deposit Legal.* The rule of the land department requiring a deposit of $32 from contestants for lots before a townste board is a legal requirement, and one which must be complied with. The poverty of a claimant is a condition which does not constitute a defense against the rule, or against the action of the townsite board, and will not constitute a sufficient excuse to entit'e a claimant to the intervention of a court of equity.

2. DEFAULT — *Demurrer Will Lie.* In a case in which the complainant seeks an injunction to restrain an adverse claimant, upon the ground that the complainant had failed by reason of poverty to make the deposit for expenses of contest required by the rules of the secretary of the interior and land department, the complaint does not state facts sufficient to constitute a cause of action, and a demurrer to such complaint should be sustained.

*Error from the District Court of Logan County.*

*Keaton & Cotteral,* for plaintiff in error.

*H. R. Thurston,* for defendant in error.

The opinion of the court was delivered by

McATEE, J.: The amended complaint upon which this case was tried. was filed by the plaintiff, the defendant in error here, June 28, 1893, in the district court of Logan county, and sought relief by injuuction. The plaintiff alleged that he was a qualified entryman under the laws of the United States, on the 28th day of June, 1891. and at that time selected and staked lots number 23 and 24, in block number 68, in Capitol Hill, in the city of Guthrie, and proceeded shortly thereafter to make his settlement thereon, and that he had never selected any other lots except those mentioned; that he was living upon, cultivating and using the same for a home at the time that the townsite trustees entered the tract including them for the benefit of the occupants thereon, to-wit: December 14,

1891; and that the defendant, Baldwin, had never been in possession of the said lots, nor was he in possession at the date of the entry made by the townsite trustees for the benefit of the occupants thereof, but that at the time of the settlement made by the plaintiff the lots were vacant and unoccupied for any purpose whatever; that his occupation and settlement were peaceable, and that he had remained on the lots from that time until the present time in the undisturbed possession; that on the 20th day of December, 1891, he filed his application before the townsite board, at which time the defendant, Baldwin, also filed his application. The complaint alleged that at the time the case was set down for hearing before the townsite board, he was unable, owing to his poverty, to make the deposit of $32 required under the rules promulgated by the secretary of the interior; but that, notwithstanding this rule, and requirement, he was the first legal settler upon said lots, and that the improvements placed there by his labor, which were all the improvements on the lots, were of a permanent character. He further offered to pay all assessments and necessary expenses for the purpose of refunding the amounts in full expended by the defendant, and to pay all assessments that had been legally assessed against the lots; and charged that the defendant, Baldwin, was threatening, and was about to dispossess plaintiff and remove plaintiff's improvements.

Upon this showing of facts, the plaintiff asked for a restraining order, and, upon final hearing, a perpetual injunction was asked for, to restrain the defendant from interfering with his possession in any manner whatever. To this complaint the defendant demurred, (1) that the court had no jurisdiction of the subject matter of the action; and (2) that the complaint did not state facts sufficient to constitute a cause of action.

The demurrer was, by the court, overruled; where-

upon, a hearing was had before the court, and a finding made by which the lots in controversy were awarded to the plaintiff. To the overruling of defendant's demurrer, as, also, to the conclusions of law and order of the court made upon the final hearing, the defendant duly excepted, and brings the case here upon error.

Upon a similar state of facts this court has passed heretofore, in the case of *Twine v. Carey*, 2 Okla. Rep. 249, to which ruling the court now adheres. The rule established by the interior department, requiring a deposit for costs, has been, by the court, found reasonable and proper, and constituted no defense to the action of the townsite board in awarding the lots to the defendant, the plaintiff in error here. While the plea of poverty in this case is a strong appeal, and cannot but command the respect and sympathy of fair and just men, it is too liable to abuse to be accepted as a defense in a matter of this character. The land department is authorized to provide rules which must be complied with in seeking to secure title to land or town lots from the United States. The ruling heretofore made, in the case of *Twine v. Carey*, will now be made in this case, and the judgment of the district court will be reversed, with directions to enter judgment for the defendant below, the plaintiff in error here, and for such further proceedings as may be required to confirm the title to the said lots in him, as against the defendant in error.

By the Court: It is so ordered.

Dale, C. J., not sitting; all the other Justices concurring.