SCHOOL DISTRICT No. 44, CADDO COUNTY, O. T. v. C. W. TURNER.

(Filed September 9, 1903.)   ·

1. COUNTY SUPERINTENDENT—School Districts. A county super-intendent has no power or jurisdiction to change the boundaries of a regularly organized school district, by detaching a portion thereof, and forming and creating thereby a new district, until a petition has been duly presented to him, signed by at least one-third of the qualified electors of such school district, and until the notice required by the statute has been given.

2. SAME—Remedy Against. Where a county superintendent arbitrar-ily, and without the requisite petition and notice, attempts to detach a portion of the territory from an organized school dis-trict, injunction is the appropriate remedy.

(Syllabus by the Court.)

*Error from the District Court of Caddo County; before Frank E. Gillette, Trial Judge.*

A. J. Morris and L. E. Lange, for plaintiff in error.

No appearance or brief for defendant in error.

STATEMENT OF FACTS.

This is an action brought by school district No. 44, of Caddo county, Oklahoma, plaintiff in error, to enjoin the de-fendant in error, as superintendent of public instruction

within and for said county, from changing the boundaries of said school district.

The material averments in the petition are as follows: That in the month of April, 1902, the defendant as such county superintendent, duly organized and formed plaintiff into school district No. 44, with the following boundaries: Beginning at the northeast corner of the northwest quarter of section 4, in township 6, north of range 8 west of the Indian Meridian; thence three miles west to the northwest corner of the northeast quarter of section 1 in township 6, range 9 west of the Indian Meridian; thence south three miles to section line at the southwest corner of the southeast quarter of section 13, township 6, north of range 9 west of the Indian Meridian; thence three miles east on the section line to the southeast corner of the southwest quarter of section 16, township 6, north of range 8 west of the Indian Meridian; thence north three miles to the place of beginning. That on the 8th day of July, 1902, the first annual election was held in said district, and that a full set of officers was elected, and that they duly qualified, as required by law, and are now acting as officers of said school district. That at said election a tax of twenty mills was duly levied for the maintenance of schools in said district during the year 1902. That the defendant, as such county superintendent, is attempting to detach from such school district No. 44 the west half of the southwest quarter of section 17, and the southeast quarter of section 18 and the southeast quarter of the southwest quarter of section 18, of township 6, north of range 8 west of the Indian Meridian. That no petition has been presented to said defendant signed by one-third of the legal voters of said school district

asking that said lands be detached from the territory belonging to the plaintiff. That said defendant has given no notice whatever, as required by law.

That on or about the first of October, 1902, the defendant in error, without any petition, and without any notice, and without the knowledge or consent of said school district, arbitrarily made an order detaching said lands, and attempted to form the same into a separate school district. That on the 13th day of October, 1902, the defendant in error posted notices within said school district, warning the inhabitants thereof that unless an appeal was taken to the board of county commissioners from his action in detaching said lands from said district, his action therein would become final, and that said lands would be permanently detached from the territory belonging to the plaintiff. That the plaintiff has no adequate remedy at law.

On the 17th day of October, 1902, this action was instituted in the district court of Caddo county, and in the absence of the district judge, the probate judge granted a temporary restraining order.

On November 10, 1902, the defendant in error filed and interposed a demurrer to the plaintiff's petition, on the ground that said petition did not state facts sufficient to constitute a cause of action. The district court sustained the demurrer, and the plaintiff declining to plead further, the cause was dismissed, and the temporary restraining order dissolved. The plaintiff brings the case here for review.

Opinion of the court by

HAINER, J.: There are but two questions involved in this appeal: first, has the county superintendent power and jurisdiction to change the boundaries of a regularly organized

school district, by detaching a portion thereof, and forming and creating thereby a new district, until a petition has been duly presented to him, signed by at least one-third of the legal voters of said school district, and until the notice required by the statute has been given? second, if the county superintendent, without such petition, and without such notice, arbitrarily attempts to detach a portion of the territory from said school district, will injunction lie? In our opinion, the first question must be answered in the negative, and the second in the affirmative.

By the act of March 11, 1897, (session laws of 1897, pages 271 and 272) it was provided that section 12, article 1, chapter 73, of the statutes of 1893 be amended as follows:

"That no district shall be changed under the provisions of this act, except upon petition to the county superintendent, signed by at least one-third of the qualified electors of such district."

The same act provides that no change shall be made until after twenty days' notice thereof, by written notice, posted in at least five public places in the district so affected.

Manifestly the county superintendent has no power or jurisdiction to change or alter the boundaries of a school district until the statutory provisions have been strictly complied with. The filing of a petition signed by at least one-third of the qualified electors of such district, and the giving of twenty days' notice are clearly jurisdictional facts. The language of the statute is clear, positive and mandatory. It leaves no discretion with the county superintendent. It follows that the attempted change of the boundaries of the district by the county superintendent, before a proper petition was filed and the statutory notice was given, was an ar-

bitrary exercise of power, wholly unauthorized, and therefore absolutely null and void. (*Dartmouth Sav. Bank v. School Dists. Nos. 6 and 31, 43 N. W. 822.*)

The action of the defendant in error being wholly void, injunction was the proper remedy. (*Board of Education v. Boyer, Supt., 5 Okla. 225; Peth et al. v. Martin et al., 71* Pac 549.)

The judgment of the district court of Caddo county is therefore reversed, and the cause remanded with directions to overrule the demurrer to the petition, and to further proceed in consonance with the views herein expressed.

Gillette, J., who presided in the court below, not sitting; Burford, C. J., absent; all the other Justices concurring.