### EARLBORO TP. *et al.* v. HOWARD *et al.*

No. 6942.   Opinion Filed May 18, 1915.

(149 Pac. 136.)

**INJUNCTION—Quo Warranto—Organization of Township—Remedy to Determine Validity.** After a municipal township has been organized, **quo warranto** is the proper remedy to determine the question of its legal existence or the validity of its organization. The courts are without power so to do by injunction, or to restrain existing officers from exercising their proper functions.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County;*
*Chas. B. Wilson, Jr., Judge.*

Action by Earlboro Township, a municipal corporation, and others, against R. L. Howard and others, Board

of County Commissioners of Pottawatomie County, and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*T. G. Cutlip*, for plaintiffs in error.

*Lydick & Eggerman*, for defendants in error.

TURNER, J. This cause is here on error from the district court of Pottawatomie county. The petition was filed by Earlboro and Forest townships, municipal townships in said county, and one Carrall and another, Rippy, resident taxpayers of said townships respectively, against the board of county commissioners, the clerk, the treasurer, and the county assessor of that county. The object of the suit was to prevent the attempted organization of Rock Creek township out of portions of Earlboro, Forest, and Davis townships, and to question its legal existence. The prayer of the amended petition in effect was that said commissioners and all defendants be temporarily enjoined (which was done) from the exercise of their proper functions in the attempted organization of said township or in its recognition until the question of the validity of the organization be determined. By leave of court, V. V. Jones, W. J. Ingram, and R. L. Cowan were made parties defendant, whereupon all answered, in effect, that prior to the filing of the petition the township had already been organized pursuant to proper proceedings of the county commissioners, which they set up and relied upon; that said defendants were the duly elected, qualified, and acting board of trustees of said township, and, among other things:

"That the board of county commissioners by due and legal order in due and legal session, created Rock Creek township and that Rock Creek township has since been organized and exercised the functions of a township, and as a township had made its levy and the levy has been passed by the excise board, the taxes have been levied for said township, they are now in the hands of the county treasurer, the township board has created obligations and

issued warrants therefor, all of which was legally and properly done, and there are warrants outstanding against this money in the hands of the county treasurer.   *   *   *"

After much unnecessary pleading, a reply was filed, and there was trial to the court, who, in his findings of fact and conclusions of law, specifically found each issue in favor of defendants, dissolved the temporary injunction, dismissed the bill for want of equity, and plaintiffs bring the case here.

The findings of fact were supported by evidence, and the court did not err in his conclusion of law that plaintiffs were not entitled to the relief sought.   This for the reason stated in 32 Cyc. 1424:

"*Quo warranto* is the proper remedy, and in the absence of statute the exclusive proceeding to determine the question of the legal existence or validity of the organization of a municipal corporation, such as a city or village, a township, or a school district.   *   *   *"

In *State ex rel. Standeven et al. v. Armstrong et al.*, 27 Okla. 810, 117 Pac. 332, we said:

"*Ford v. Farmer et al.*, 9 Hump. (Tenn.) 152, was a bill in chancery by a resident of that part of Hancock county taken from Hawkins county against the commissioners appointed by act of the Legislature to organize Hancock county.   The object of the bill was to prevent the organization, and it prayed that said commissioners be enjoined from proceeding further to organize the same, and that the sheriff, clerk, and other officers elected therein be enjoined from the execution of their respective functions.   The answer to the bill set up, among other defenses, in effect, that prior to the filing of the bill said county had already been organized by said commissioners; that their functions were at an end; that a full complement of officers had been elected therein and the county machinery put in operation.   There was a decree for the plaintiff, in effect, that, for certain reasons, said county was unconstitutionally established, and defendants perpetually 'enjoined from the organization of the county,' and

the same declared to be 'unconstitutional and void.' On appeal the Supreme Court held not so, but that said county had already been organized when assailed by the bill; that after such organization a court of chancery had no power to abolish it or restrain its officers from executing their several functions—and reversed the decree of the chancellor and dismissed the bill.''

The Armstrong Case was an original proceeding in this court on behalf of the county attorney and the board of county commissioners of Kiowa county against three persons claiming to hold the office of county commissioners and certain other persons claiming to be the other officers of Swanson county (newly created out of Kiowa and Comanche counties), to enjoin them from receiving from the officers of Kiowa county certain properties of Kiowa county claimed by them to be the property of Swanson county, pending the determination of *quo warranto* proceedings brought elsewhere to determine the validity of the organization of Swanson county. In that case, assuming that we had original jurisdiction to entertain the proceedings, we held, the proceedings for the organization of Swanson county being fair on their face, that the officers of that county were *de facto* officers and the writ would not lie to restrain them in the discharge of their duties as *de facto* officers of that county. As in that case we cited abundant authority to the effect that after the organization of a municipality a court of chancery has not power to abolish it or restrain its officers from exercising their respective functions, we hold here that the court was right in rendering the judgment complained of, and hence the same is affirmed.

All the Justices concur.