**FOWLER, Co. Supt., et al. v. PARK et al.**

No. 10,977—Opinion Filed June 15, 1920.

(Syllabus by the Court.)

**Injunction — Quo Warranto — Schools and School Districts—Consolidated District—Test of Legality.**

After a municipal corporation, such as consolidated school district, has been organized, quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization. The courts are without power so to do by injunction, or to restrain existing officers from exercising their proper functions.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Ed Park and others against H. M. Fowler, County Superintendent of Public Instruction of Pottawatomie County, and others for injunction to prevent the disorganization of certain school districts and the organization of a consolidated district. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Joe M. Adams and W. L. Chapman, for plaintiffs in error.

Lydick & Arrington and Goode & Dierker, for defendants in error.

McNEILL, J. This action was commenced in the district court of Pottawatomie county by Ed Park, as plaintiff, against H. M. Fowler, county superintendent of public instruction, as defendant, to enjoin the said county superintendent from declaring a consolidated school district organized and declaring three districts disorganized. The petition alleged that Ed Park is an elector and taxpayer of school district No. 113 of Pottawatomie county and the defendant H. M. Fowler is superintendent of public instruction of said county. That certain petitions

claiming to be signed by the electors of school districts Nos. 113, 22 and 25 of said county had been filed with the county superintendent asking that the election be called for the purpose of voting on the question of whether said three school districts should be consolidated into one consolidated school district. Numerous allegations were made that the petitions were not properly signed and that the district comprised less than 25 square miles and had an assessed valuation of less than $500,000. Plaintiff alleged that an election had been held and that the people of the district had voted to consolidate said districts and the county superintendent was about to declare the consolidated district organized and the three districts disorganized. Plaintiff alleged that the county superintendent was without jurisdiction to call the election and all the proceedings thereunder were void, and plaintiff asked that the county superintendent be enjoined from taking any further steps in declaring the district consolidated or in dissolving the old school districts.

On the same date the petition was filed, the county judge issued a restraining order enjoining the county superintendent from further proceeding in the organizing of the new district and from dissolving the old districts, and made said order effective until June 17, 1918, at 10 a. m., at which time the order provided the injunction was to be set for hearing before the district judge, and the restraining order should be effective upon plaintiff giving a bond in the sum of $500.

To this petition, a demurrer was filed. Thereafter the case was transferred to the superior court, and an amended and supplemental petition was filed, setting forth that the county superintendent had made an order dissolving the old school districts, and had organized a consolidated district and that R. L. Chancellor, N. G. McCarter, and J. V. Howell were officers of the new district and

that said directors had called an election for the 8th day of August to vote an extra levy to conduct school in said consolidated district. School district No. 113 filed a plea of intervention in the case, and was made a party plaintiff, and Messrs. Chancellor, McCarter, and Howell, the officers of the new district, were made parties defendant. The proceedings sought, upon the amended and supplemental petition, to enjoin the officers of the consolidated school district from performing the proper functions of their offices, as officers of the consolidated school district, and to declare the consolidated school district disorganized. To this petition, the defendants demurred for the reason that the amended supplemental petition did not state facts sufficient to constitute a cause of action, and that the petition shows that plaintiff had no interest in said suit sufficient to maintain said cause of action. The demurrers were overruled, and the defendants filed their answer and the case was tried to the court and the judgment rendered for the plaintiff. The court rendered judgment declaring the order of the county superintendent disorganizing school districts Nos. 113, 22, and 25 void and the order organizing said districts into a consolidated district null and void, and enjoining the directors of the consolidated district from acting as directors of said school district, and enjoining the county superintendent from making any further orders in reference to the organization of said districts.

For reversal of said cause, plaintiffs in error contend, first, that the court erred in overruling the demurrer of plaintiffs in error to the petition of defendants in error, for the reason the amended and supplemental petition failed to state facts sufficient to constitute a cause of action in favor of plaintiff Ed Park or school district No. 113 and against the defendants, and failed to show any actionable right in either of said plaintiffs. It is further contended that the court erred in rendering judgment in favor of plaintiffs and against the defendants, for the reason the evidence was insufficient to support said judgment.

On the trial of the case, the plaintiffs produced the county superintendent, who testified that he had made an order consolidating said school districts, and the order was introduced in evidence, dated July 28, 1918, which order disclosed that the three defendants, McCarter, Chancellor, and Howell, were the officers of said consolidated school district. The evidence introduced on behalf of the plaintiff was an attack on the sufficiency of the petition filed with the county superintendent prior to his calling the election and related to the question as to assessed valuation of the school district.

As to whether the petition stated a cause of action in favor of plaintiffs Ed Park and school district No. 113, this court has passed upon the identical question here presented in the case of Earlboro Tp. v. Howard, 47 Okla. 455, 149 Pac. 136, where the court stated as follows:

"After a municipal township has been organized, quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization. The courts are without power so to do by injunction, or to restrain existing officers from exercising their proper functions."

In the case of Stiles, Treasurer, v. City of Guthrie, 3 Okla. 26, 41 Pac. 388, it was held:

"When considering this question, however, as applied to the right of a private citizen to maintain an action where his own separate and distinctly private interests are not involved, the Supreme Court of Kansas has uniformly held, under our code, that a private person cannot, by virtue of being a citizen and taxpayer, maintain an action against public officers where the act complained of affects only the interests of the public in general, and not those of a private person in particular.

Such was the holding of this court in the case of Thompson v. Haskell, 24 Okla. 70, 107 Pac. 700; in State v. Armstrong, 27 Okla. 810, 117 Pac. 332; and in Armstrong v. State, 29 Okla. 161, 116 Pac. 770, where the court stated as follows:

"If the action be for usurping a franchise by a corporation, it should be against the corporation, but, if for usurping the franchise to be a corporation, it should be against the particular persons guilty of the usurpation by assuming to act in a corporate capacity, and not against the corporation as such."

See, also, Smith v. State, 47 Okla. 682, 149 Pac. 884. The rule is stated in 32 Cyc. 1415, as follows:

"In the absence of statutory provision to the contrary, quo warranto proceedings are held to be the only proper remedy in cases in which they are available. Thus they are held to be the exclusive method of questioning the legality of the organization or a change in the territory of the quasi-public corporation, such as a school district, or a drainage district, or of determining the right to hold and exercise a judicial or other public office, or to enforce the forfeiture of a corporate franchise, to attack the validity of the organization of a corporation or to try title to an office therein, and when the remedy by quo warranto is available, it is held that there is no concurrent remedy in equity unless by virtue of statutory provision."

32 Cyc. 1424, states as follows:

"Quo warranto is the proper, and in the absence of statute the exclusive, proceeding

to determine the question of the legal existence or validity of the organization of a municipal corporation, such as a city or village, a township or a school district, and in such proceedings it may be shown that the incorporation is void because of fraud in securing the charter or in the organization of the municipality."

The only relief sought by the amended and supplemental petition was to test and determine the validity of the organization of the consolidated school district. Following the cases heretofore cited, the petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiffs, and the demurrer to the amended and supplemental petition should have been sustained, unless it can be said that by reason of the allegations in the petition that the superintendent of public instruction executed the order consolidating the new school district and dissolving the old districts when he was enjoined from so doing by a restraining order and said orders were made in violation of said injunction that by reason of said allegations the same stated a cause of action. Counsel for defendants in error do not brief the case upon this theory. These allegations might be sufficient to state a cause of action in favor of the plaintiffs. Conceding that the same do, still the judgment would have to be reversed for the reason there was no evidence to support these allegations in the petition. The order of the county court dated June 12th, which enjoined the superintendent of public instruction from organizing the consolidated school district and from disorganizing the old school district, was made effective until the 17th day of June. The record does not disclose that this order was ever extended in force and effect after the 17th day of June, and no contention is made in the brief that the same was ever so extended. The case is tried on the theory the petition stated a cause of action by reason of the other allegations contained in said petition. The only evidence introduced was upon the question of irregularities of the proceedings in organizing said consolidated school district.

The defendants in error rely upon the cases of Board of Education of City of Pond Creek v. Boyer, 5 Okla. 225, 47 Pac. 1090; School District No. 44, Caddo County, v. Turner, 13 Okla. 71, 73 Pac. 952; Cleveland v. School District No. 71, Grady County, 51 Okla. 69, 151 Pac. 611; these cases are not in point. An examination of each of those cases discloses that the proceedings were to enjoin the officials from doing a particular act, and it was not the purpose of those cases to test the validity or regularity of the organization of the municipal organization. The only purpose of the proceedings in this case was to determine the question of the legal existence of the consolidated school district, and the

proper proceeding to determine this question is by quo warranto, and such a proceeding cannot be maintained on behalf of a private individual by injunction.

For the reasons stated, the judgment of the court is reversed and remanded, with instructions to dismiss the plaintiffs' petition.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, and JOHNSON, JJ., concur.