**CHAMBERS et al. v. WALKER, County Supt., et al.**

No. 13073—Opinion Filed April 4, 1922.

(Syllabus.)

**1. Courts—Supreme Court—Original Jurisdiction—Right to Invoke—Procedure.**

In all original actions or proceedings instituted in this court it shall be necessary for the plaintiff or applicant for the writ to state fully, by affidavit, the reasons why the action or proceeding is brought in this court instead of one of the inferior courts having concurrent jurisdiction.

**2. Injunction—Quo Warranto — Validity of School District Organization.**

After a municipal corporation, such as a consolidated school district, has been organized, quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization. The courts are without power so to do by injunction, or to restrain existing officers from exercising their proper functions.

Original Action Brought in the Supreme Court.

Petition by C. S. Chambers and others against Arthur Walker, County Superintendent, and others for injunctive relief. Petition denied and action dismissed.

C. B. Leedy, for plaintiffs.

Howard & Beets, for defendants.

McNEILL, J. This is an original proceeding in this court, and the relief prayed for is purely injunctional.

In January, 1922, by virtue of chapter 117, Session Laws of 1921, page 145, independent school district No. 42 and common school district No. 43 were organized into union graded school district No. 2 of Ellis county, and defendants J. H. C. Stuart, Clyde Ingle, and W. J. Laughlin were duly elected as the members of the school board of said district, and entered immediately upon the discharge of their duties.

In addition to the members of the school board, the county superintendent, Arthur Walker, is also made a party defendant.

C. S. Chambers, a resident and taxpayer of school district No. 43, in his own behalf and in behalf of all other residents and taxpayers of said district, brings this action, and the prayer of his petition is as follows:

"Wherefore, plaintiffs pray this court to grant temporary injunction restraining the said defendants, each and all of them, from interfering with the plaintiffs in school district No. 43, and that they be further enjoined from enforcing or attempting to enforce the organization of the union graded school district No. 2, so attempted to be formed as aforesaid."

The petition is sworn to by counsel for petitioner, but there is no affidavit in support of the jurisdiction of this court as required by rule 14, 20 Okla. x, 95 Pac. vii, which is as follows:

"In all original actions or proceedings instituted in this court it shall be necessary for the plaintiff or applicant for the writ to state fully, by affidavit, reasons why the action or proceeding is brought in this court, instead of one of the inferior courts having jurisdiction."

This rule is quoted with approval by this court in an opinion by Mr. Justice Dunn in the case of State ex rel. v. Cobb, County Judge, 24 Okla. 662, 104 Pac. 361.

Even if this court should assume jurisdiction, injunction is not the remedy, but the proceeding is in quo warranto. This was decided in the case of Fowler, County Supt. of Public Instruction, et al. v. Park et al., 79 Okla. 1, 190 Pac. 668. In the syllabus the court stated:

"After a municipal corporation, such as a consolidated school district, has been organized, quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization. The courts are without power so to do by injunction or to restrain existing officers from exercising their proper functions."

The relief sought is denied, and the action dismissed at the cost of plaintiffs.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.