**SPECHT, Co. Supt., v. JOINT SCHOOL DIST. NO. 54.**

No. 12807—Opinion Filed Feb. 12, 1924.

1. **Injunction — Formation of Consolidated School District—Action Against County Superintendent.**

Where a special meeting of the voters of two or more adjoining school districts has been called by the county superintendent of public instruction for the purpose of establishing a consolidated school district on petitions signed by less than one-half of the legal voters residing in one of the districts, the election held and a majority of the votes cast in favor of the consolidation, and the clerk of the special meeting has made a written report of such action, and the county superintendent of public instruction, act-ing on such report, is about to declare the old districts disorganized and the consolidated district organized, injunction is the proper remedy.

2. **Same—Territory in Two Counties—Notices of Election—Requisites.**

In the formation of a consolidated school district comprising territory lying in more than one county, it is a statutory requirement that the county superintendent of public instruction in the counties in which the territory is located must act jointly in calling the special meeting of the voters residing in such territory for the purpose of establishing such consolidated school district, and where it is made to appear that such special meeting was held on notices issued by one of such superintendents of public instruction only, such superintendent of public instruction was properly enjoined from declaring the consolidated district organized.

3. **Same—Sufficiency of Evidence.**

Record examined, and held, the judgment was supported by the evidence.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Major County; Jas. B. Cullison, Judge.

Action by Joint School District No. 54 of Alfalfa County and Major County against Louesa A. Specht, County Superintendent of Public Instruction of Major County. Judgment for plaintiff, and defendant appeals. Affirmed.

Simons, McKnight & Simons, for plaintiff in error.

E. W. Snoddy, for defendant in error.

Opinion by RAY, C. This is an appeal by the superintendent of public instruction of Major county from a decree perpetually enjoining her from disorganizing school districts Nos. 4 and 14, Major county and joint district No. 54, composed of territory lying partly in Major county and partly in Alfalfa county, and from further proceeding to create a consolidated school district embracing the territory of the districts proposed to be disorganized. The decree was entered at the suit of joint district No. 54 upon the grounds, first, that the petitions for consolidation did not contain the names of one-half of the qualified voters resident in that district; and second, because the county superintendents of Major county and Alfalfa county had not and were not acting jointly in the proposed consolidation.

Plaintiff in error contends: (1) That injunction was not the proper remedy; (2) that the court erred in its conclusion of la— that the joint action of the superintendent

of public instruction of Major county and the superintendent of public instruction of Alfalfa county was essential to the creation of the proposed consolidated district; and (3) that the judgment was contrary to the evidence.

1. If the action was for the purpose of determining the question of the validity of an existing organization, then quo warranto was the proper remedy. Earlboro Township v. Howard, 47 Okla. 465, 149 Pac. 136; Fowler, County Superintendent, v. Park et al., 79 Okla. 1, 190 Pac. 668. If the action was to prevent the superintendent of public instruction from doing some illegal act in furthering the organization of the consolidated district, then injunction was the proper remedy. Board of Education of the City of Pond Creek v. Boyer, 5 Okla. 225, 47 Pac. 1090; School District 44, Caddo County, v. Turner, 13 Okla. 71, 73 Pac. 952; School District 24 v. Remick, 83 Okla. 158, 201 Pac. 241. It is contended that the Fowler Case, above cited, is in point and decisive of the question here involved. In that case, after the petition was filed, and the restraining order granted, an amended and supplemental petition was filed setting forth that the county superintendent had made an order dissolving the old school districts and had organized a consolidated district, and that the officers of the new district had called an election to vote an extra levy to conduct a school in the consolidated district. In that case it was held that quo warranto was the proper remedy and that injunction would not lie. In the body of the opinion the court said:

"The only relief sought by the amended and supplemental petition was to test and determine the validity of the organization of the consolidated school district. Following the cases heretofore cited, the petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiffs, and the demurrer to the amended and supplemental petition should have been sustained, unless it can be said that by reason of the allegations in the petition that the superintendent of public instruction executed the order consolidating the new school district and dissolving the old district, when he was enjoined from so doing by a restraining order, and said orders were made in violation of said injunction and by reason of said allegation, the same stated a cause of action. Counsel for defendants in error do not brief the case upon this theory. These allegations might be sufficient to state a cause of action in favor of the plaintiffs. Conceding the same does, still the judgment would have to be reversed for the reason there was no evidence to support this allegation in the petition. The order of the county court,

dated June 12th, which enjoined the superintendent of public instruction from organizing the consolidated school district and from disorganizing the old school district was made effective until the 17th day of June. The record does not disclose that this order was ever extended in force and effect after the 17th day of June, and no contention is made in the brief that the same was ever so extended. The case is tried on the theory the petition stated a cause of action by reason of the other allegations contained in said petition."

The other allegations referred to were the allegations contained in the amended and supplemental petition that the order had been made disorganizing the old districts and declaring the new district organized. It is clear from the language of the opinion that the formal act of the county superintendent of public instruction in declaring the consolidated district to be organized was deemed to be the final act making it a perfected consolidated school district. We think that a correct conclusion. Under Comp. Stat. 1921, section 10463, the same formal act of the county superintendent of public instruction disorganizes the old districts and creates or establishes the new district. After the election has been held and the officers of the consolidated district have been elected, the old districts embracing the territory to be embraced within the consolidated district are still in existence, and their officers have full power to act, until the superintendent of public instruction has made and promulgated the order disorganizing the old districts and creating the consolidated district. In the instant case, the suit was commenced after the election was called, but before it was held. The restraining order did not interfere with the election, but expressly permitted the election to be held, and the county superintendent of public instruction was permitted to receive and file returns and reports from the election, but restrained from any and all further proceedings in furthering the organization of the consolidated district until the further order of the court. The only act remaining to be done to complete the organization of the consolidated district was the formal order declaring the old districts disorganized and the consolidated districts organized. For the reason given, we think the consolidated district was still in process of creation, and the action was not for the purpose of determining the validity of an existing organization, but to prevent a public official from performing an illegal act in the formation of the district and, for that reason, injunction was the proper remedy.

2. It is contended that only a small portion. of the territory included within joint district No. 54 was within Alfalfa county and the greater portion of the area was within Major county and had been under the control and direction of the superintendent of public instruction of Major county for 20 years, and that the joint participation of the superintendent of public instruction of Alfalfa county and the county superintendent of public instruction of Major county in the creation of the consolidated district was not essential to its validity. Such contention is in conflict with plain statutory provisions. Section 10463, Comp. Stat. 1921, which gives the county superintendent of public instruction power to declare old districts disorganized and consolidated districts organized, contains this proviso:

"* * * Provided, that in the formation of consolidated districts comprising territory lying in more than one county, the county superintendents of public instruction of said counties shall act together in the same manner as provided by law in the formation and control of joint districts. * * *"

Section 10349, relating to the formation and control of joint districts, is as follows:

"When it shall become necessary to form a school district lying partly in two or more counties, the county superintendents of public instruction in the counties in which the said tract of country shall be located, when application shall be made in writing to any one of them by five householder residents therein, shall, if by them deemed necessary, meet and proceed to lay off and form the same into a school district, issue notices of the first district meeting and shall file the proper papers in their respective offices; and such district so organized shall be designated: 'Joint District No. ____, Counties of _____,' and the boundaries of such district shall not be altered except by the joint action of such superintendents of the several counties represented in said districts."

It is contended that the creation of the consolidated district is not an act changing the boundaries of a joint district. The creation of the consolidated district disorganizes the joint district by including its territory and, of course, is not a change of that district's boundaries for the simple reason that it abolishes the district, but the effect is to create different boundaries for the school district including the territory, and affects the people of that territory. It is not for the court to say whether the statutory requirement is reasonable or unreasonable. That is for the legislature to determine. The statutory provision requiring the joint action of the superintendents of public instruction in the creation of the consolidated district comprising territory lying in more than one county is too clear to require interpretation.

3. After a careful reading of the testimony and a consideration of plaintiff in error's brief, we think the evidence reasonably sustains the findings of the trial court. The judgment should be affirmed.

By the Court: It is so ordered.