**SCHOOL BOARD OF RURAL SCHOOL DIST. NO. 71, BEAVER COUNTY, et al. v. HENSON, County Supt., et al.**

No. 19675.   Opinion Filed Sept. 9, 1930.

John Spohn and R. C. Eastman, for plaintiffs in error.

Stacy Wells and Charles Miles, for defendants in error.

LESTER, V. C. J. The parties appear on appeal in the same position as they occupied in the district court.

The plaintiffs filed a suit in the district court alleging that an order had been made by W. L. Henson, as county superintendent of Beaver county, Okla., and sustained on appeal by the board of county commissioners abolishing common school district No. 71 of said county and attaching it to consolidated school district No. 9. The plaintiffs asked that the county superintendent, board of county commissioners, and the school board of consolidated district No. 9 each be enjoined from carrying into effect said order.

A demurrer was filed to the petition of the plaintiffs, which was by the court sustained. The plaintiffs elected to stand on their petition, whereupon judgment was entered dismissing plaintiffs' petition, and from this judgment the plaintiffs appeal.

The plaintiffs in their petition, together with exhibits attached thereto, state that the order was illegal. The plaintiffs also attack the constitutionality of several sections of Compiled Oklahoma Statutes, 1921, relating to abolishment of school districts and providing for the proceeding thereof, but plaintiffs failed to cite any specific reason or cite authorities tending to show the unconstitutionality of the same.

The record shows that suit was brought several weeks after the order complained against was made by the county superintendent and thereafter sustained on appeal by the board of county commissioners.

The first question to be considered is whether or not injunction is a proper remedy in the instant case. This court has answered this question in several similar cases in the negative.

In the case of Griffin v. Thomas, 86 Okla. 70, 206 Pac. 604, this court in paragraph 1 of the syllabus said:

"After a municipal corporation, such as a union graded school district, has been organized, quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization, and the courts are without power to do so by injunction or to restrain existing officers from exercising their proper functions."

Also, in the case of Chambers v. Walker, 85 Okla. 289, 206 Pac. 202, it is held:

"After a municipal corporation, such as a consolidated school district, has been organized, quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization. The courts are without power so to do by injunction, or to restrain existing officers from exercising their proper functions."

In the case of Fowler v. Park, 79 Okla. 1, 190 Pac. 668, in the syllabus thereof it is stated:

"After a municipal corporation, such as consolidated school district, has been organized, quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization. The courts are without power so to do by injunction, or to restrain existing officers from exercising their proper functions."

In the case of Shore v. Board of Education of Town of Crescent, 97 Okla. 273, 223 Pac. 867, it is said:

"After a municipal corporation, such as a union graded school district, has been organized, an information in the nature of quo warranto is the proper remedy to determine the questions of the legal existence or the validity of the organization, and the courts are without power to do so by injunction or to restrain existing officers from exercising their proper functions."

In the case of Cheek v. Eye and Mitzler v. Same, 96 Okla. 44, 219 Pac. 883, the facts are somewhat similar to the facts alleged in the instant case, and in paragraph 1 of the syllabus this court announced the following rule:

"After a municipal corporation, such as a consolidated school district, had been organized, quo warranto is the proper remedy to determine the question of its legal existence or the validity of its organization. The courts are without power so to do by injunction, or to restrain existing officers from exercising their proper functions."

The plaintiffs in a general manner question the constitutionality of the several sections of the statutes relating to the abolishment of school districts and the procedure therefor, but they fail to set out any specific reason or to cite any authorities why said sections are unconstitutional, and in the absence of such specification and citation of authorities this court is not required to review such questions.

In the case of Brigham v. Cheney, 27 Okla. 510, 112 Pac. 993, this court announced the rule to be:

"Where the plaintiff in error fails to set forth in his brief, as required by rule 25, argument or citation of authorities in sup-

port of any assignment of error, it will be deemed, as to such assignment, that he has waived same."

Judgment is affirmed.

MASON, C. J., and CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

HUNT and RILEY, JJ., absent.