## In re DETACHMENT OF TERRITORY FROM CONSOLIDATED SCHOOL DISTRICT NO. 77, CARTER COUNTY.

No. 29040.   July 11, 1939.

Rehearing Denied Oct. 3, 1939.

Marvin Shilling and Dolman, Dyer & Dolman, for plaintiff in error.

Stephen A. George, for defendants in error.

WELCH, V. C. J.   The essential facts are that certain petitioning citizens of consolidated school district No. 77, Carter county, Okla., desired to have certain territory detached from the consolidated school district to be formed into another or a new school district. They filed a petition for such change with the county superintendent, and the change was resisted by the consolidated school district. Upon hearing, the county superintendent denied the petition, finding, among other things, the stated number of petitioning citizens and total number of qualified electors of the district, showing that the latter number was more than three times the number of petitioning citizens. Upon appeal the matter was tried de novo in the county court, the consolidated school district having filed answer specifically denying the sufficiency of the petition as to number of petitioning citizens. The county court upon trial granted the petition, and it is from that judgment that this appeal is prosecuted.

It appears to be conceded by the parties that it was an essential prerequisite that this petition be signed by at least one-third of the qualified electors of the consolidated school district as required by section 6771, O. S. 1931, 70 Okla. St. Ann. § 31. This court has held that such signing in such number is necessary to give the county superintendent power or jurisdiction to make such change in boundaries. School District No. 44 v. Turner, 13 Okla. 71, 73 P. 952; Cleveland v. School District No. 79, Grady County, 51 Okla. 69, 151 P. 577; Consolidated School District No. 72 v. Board of Education, 113 Okla. 217, 242 P. 173, and School District No. 17 v. Eaton, 97 Okla. 177, 223 P. 857.

In the county court there was no specific finding stating the number of qualified electors of this consolidated district, but there was a general finding that the petition was signed by more than one-third of the legal voters thereof. Since the required number of petitioning citizens is necessary to give power or jurisdiction to make such change in boundaries, it would logically follow that when a specific issue is tendered as to the numerical sufficiency of the petition, the burden is on petitioners to establish or show the number of qualified electors of the district so as to show that the number of petitioning citizens was at least one-third thereof. We are unable to find that such showing was made in this case, nor does the petitioners' brief point to such a showing in the record. We deduce from the stipulation of the parties, and the other evidence, that it was stipulated by petitioners that there were 200 petitioning citizens. The petitioners stipulated that there were at least

576 qualified electors in the district, and the consolidated school district offered competent evidence to show that in addition to that list there were 36 other qualified electors of the consolidated school district. That is, 36 additional qualified electors were named and testimony introduced as to their various places of residence in the district. The petitioners do not point to any place in the record where this evidence was successfully contradicted, nor do we find such contradiction in the record. In the petitioners' case in chief they do not appear to have made any showing as to the total number of qualified electors in the consolidated district, nor do petitioners in their brief point or refer to any such showing in the record. It is deducible from the record that the total number of qualified electors of the consolidated school district was more than 600. In view of the entire record and the briefs of the parties, we conclude that the petitioners in the trial court did not prove that the petition is signed by one-third of the qualified electors of the school district, as required by section 6771, O. S. 1931, 70 Okla. St. Ann. § 31. It appears to be the established rule that such numerical sufficiency of the petition is an essential prerequisite to the power to make the suggested change in the boundaries of the district.

Accordingly, the judgment of the trial court is reversed and the cause is remanded with directions to deny the petition.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur. CORN, J., absent.