**HAYES et al. v. HOFFSOMMER et al.**

No. 16448—Opinion Filed March 23, 1926.

Rehearing Denied Dec. 7, 1926.

1. **Schools and School Districts—Injunction Against Annexation of Territory to Independent District—Sufficiency of Petition.**

A petition that states facts showing that the county superintendent of public instruction has attempted to order the annexation of adjacent territory to an independent school district under section 10405, C. S. 1921. upon a petition of less petitioners than required by said section, and has ordered the funds of the school district included in the adjacent territory diverted to the use of the independent district, and further states that the board of education of said independent school district is attempting to exercise authority over said adjacent territory and school district, and offering to sell the schoolhouse—all to the disruption of the organized school in said outlying district— and asks injunctive relief, is sufficient to state a cause of action against a general demurrer or a motion to dissolve a temporary injunction based upon the insufficiency of said petition to state a cause of action.

2. **Same—Erroneous Dissolution of Temporary Injunction.**

Where the court grants a temporary injunction based upon a petition as above stated, it is error to dissolve the said order upon a motion for that purpose, that only states that the petition fails to allege a cause of action.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by John W. Hayes et al. against J. C. Hoffsommer, County Superintendent of Public Instruction, et al., to restrain the annexation of School District No. 48 to the Independent School District of City of Garber, and to prevent disruption of the school in said District No. 48. The court granted a temporary injunction upon the facts stated in the petition, and, upon motion to dissolve said order on the ground that the petition did not state a cause of action, the court dissolved the temporary order, and from this action of the court the plaintiffs appeal. Reversed.

Carl Kruse, for plaintiffs in error.

W. J. Otjen and Geo. W. Buckner, for defendants in error.

Opinion by THREADGILL, C. This is an action brought by certain taxpayers and legal voters of school district No. 48, in Garfield county, against the county superintendent of public instruction and the board of education of the independent school district of the city of Garber, to restrain them from "making the purported annexation of school district No. 48 to the independent school district of Garber," and to restrain them from interfering with the holding of school in district No. 48, from removing the schoolhouse, diverting its school funds, and for general relief. The grounds of the action were that the superintendent of public instruction had made an order to annex district No. 48 to the independent school district of the city of Garber, based upon a petition that did not contain the required number of petition-

ers to give jurisdiction for such an order, and the same is void; that the said superintendent has caused the revenues of district No. 48 to be diverted to the Garber district, and the county treasurer, under the directions of said superintendent, refuses to pay out any funds belonging to district No. 48 to the support of its school; that the board of education of Garber is attempting to dispose of the schoolhouse of district No. 48, in which house school is being conducted, and said house is to be moved away or destroyed as a schoolhouse. The petition was verified and filed on January 3, 1925, and summons issued, and on the same date the court made a temporary restraining order restraining the defendants from selling or disposing of the schoolhouse, or molesting said house in any manner, or molesting the school conducted therein, and restraining the interference with the funds belonging to district No. 48, and directed that they be used in the conduct of the school in that district. The order was to be in full force until further ordered upon the plaintiffs' giving bond in the sum of $250. The summons and order of the court were served on the defendants, and on January 9, 1925, they filed a motion to make the petition more definite and certain, by attaching certain written instruments pleaded, and the court sustained the motion, which was complied with. Thereafter, on February 5, 1925, defendants filed a motion to dissolve the "temporary injunction" on the grounds: First, that the petition of plaintiffs did not state facts sufficient to constitute a cause of action; second, that the allegations contained in said petition were false and untrue; third, that the judgments of the court mentioned in the petition did not prohibit defendants from annexing the said school district; and fourth, that the temporary restraining order is mandatory and made without notice. The court heard this motion on April 27, 1925, and sustained it, dissolving the temporary restraining order, and the plaintiffs have appealed by petition in error and case-made attached. The temporary restraining order as used here is treated as a temporary injunction.

Plaintiffs say there is but one question involved, and that is, whether or not the petition states a cause of action. Defendants do not agree with this contention. They say that there were other grounds for the motion than the first one stated, which alleged that the petition did not state sufficient facts to constitute a cause of action. It will be observed that the second ground alleged in the motion was that the facts stated were "false and untrue," and the third ground was that certain judgments theretofore ren-

dered and mentioned in plaintiffs' petition were not a bar to the annexation of the school district No. 48, and the fourth ground was that the temporary order was made without notice. The order of the court sustaining the motion and dissolving the temporary order did not specify the grounds upon which it is based. It stands to reason that it was not based upon the lack of notice because the motion was a general appearance, and if the court did not have jurisdiction to make the order in the first instance for lack of notice, it had jurisdiction to refuse to dissolve the order after the general appearance of the defendants. The third ground in the motion does not furnish any ground for the temporary restraining order, nor any basis for dissolving it. The second ground alleged in the motion could not form the basis of the order dissolving the temporary injunction, because there was no evidence taken to show that the facts stated in the petition were false and untrue, and the court would not be warranted in taking these facts to be untrue without proof on the issues joined. We must therefore conclude that the first ground stated in the motion to dissolve the temporary restraining order is the only one upon which the court based its order in sustaining the motion.

We think it is clear that the facts stated in the petition, if true, were sufficient to set out a cause of action against the defendants. The material facts were, in substance, that the county superintendent of public instruction had made an order annexing school district No. 48 to the school district of the city of Garber without a petition of the people, as required by the statutes, and that the board of education of the city of Garber was taking steps to appropriate and dispose of the property of said school district No. 48 and was disturbing their school, which was in progress at that time, and that the said superintendent of public instruction had ordered the revenues belonging to school district No. 48 transferred to the funds of the school district of the city of Garber. We think the facts here, and the principles involved, were the same as in the case of Consolidated School District No. 72 v. Board of Education of City of Wilson et al., 113 Okla. 217, 242 Pac. 173. In this case the court said:

"Manifestly, the county superintendent has no power or jurisdiction to change or alter the boundaries of a school district until the statutory provisions have been strictly complied with. The filing of a petition signed by at least one-third of the qualified electors of such district and the giving of 20 days' notice are clearly jurisdictional facts. The

language of the statute is clear, positive, and mandatory. It leaves no discretion with the county superintendent. It follows that the attempted change of the boundaries of the district by the county superintendent, before a proper petition was filed and the statutory notice was given, was an arbitrary exercise of power, wholly unauthorized, and therefore absolutely null and void."

Defendants, in support of the order dissolving the temporary injunction, contend that the order was based upon the following reasons:

"(1) That no notice was given. (2) That the plaintiffs had an adequate remedy at law by appeal. (3) That the action was a collateral attack on the orders of the county superintendent and the county commissioners. (4) That injunction would not lie (5) That quo warranto was the only available remedy to attack the organization of the district. (6) That the plaintiffs had no right to maintain the action. (7) That injunction did not lie to restrain the county superintendent and board of county commissioners from doing that which they had already done."

The record does not support this contention. The order must be based upon the motion, and we find none of these reasons except the first contained in the motion, and we cannot presume that the order was based upon any reason not stated in the motion. Defendants cite many authorities to support the reasons above given, but since we have answered the first, we do not think it would serve any useful purpose to follow the discussion outside the record.

It appears that the patrons of these two school districts have had considerable trouble, extending back several years, in an effort on the part of some of the patrons of the school district in the country, and all the patrons and officers of the school in the town and the county superintendent, to annex the country district to the town district, and the effort has been resisted by part of the patrons of the country school. It is a very unhappy situation. We are satisfied the record does not show all the reasons for the change, nor the reasons for resisting it. The statute provides for annexing adjoining territory to school districts of cities of the first class, and the statute should be substantially complied with in such cases so that there would be no legal ground for complaint. If the facts stated in the petition of plaintiffs are true, the statute was not complied with and the county superintendent had no jurisdiction to act, and the board of education was without authority over the school district in the country, and to prevent any disruption of the school organiza-

tion, in progress in said district No. 48, plaintiffs were entitled to the temporary restraining order pending a hearing on the merits, and we think the court abused its discretion in dissolving the order after it was made, without a hearing on the merits.

We are, therefore, of the opinion that the cause should be reversed, with directions to the trial court to set aside the order dissolving the temporary injunction, and proceed with the said cause not inconsistent with the views above expressed.

By the Court: It is so ordered.