**HAYES et al. v. DALKE, County Supt. of Public Instruction, et al.**

No. 20144.   Opinion Filed July 14, 1931.

Carl Kruse, for plaintiffs in error.

W. J. Otjen, Chalmers V. Wilson, Frank Carter, and E. B. Glasgow, for defendants in error.

HEFNER, J. This is an injunction proceeding brought in the district court of Garfield county by John W. Hayes and others, against J. C. Hoffsommer, county superintendent, and the board of education of the city of Garber, to enjoin the annexation of school district No. 48, a common school district, to district No. 47½, an independent district comprising the city of Garber. Since the filing of the suit, C. L. Dalke succeeded Hoffsommer as county superintendent and was substituted as a party defendant.

It appears that on June 25, 1924, a petition purporting to be signed by 44 electors of district No. 48, was presented to the county superintendent, requesting that the entire district be annexed to independent district No. 47½. With this petition there was presented a list of names showing the number of qualified electors of district No. 48 to be 80. On the same day, and with notice, the county superintendent made an order annexing the district. An appeal was taken from this order to the board of county commissioners, which appeal resulted in an affirmance of the order.

Thereafter, on January 3, 1925, plaintiffs brought this action, and in their petition alleged that the order of the county superintendent was void for the reason that the petition for annexation did not contain signatures of a majority of the qualified electors of the district sought to be annexed. Defendants demurred to the petition on the ground that it failed to state a cause of action. The trial court sustained the demurrer and entered an order dismissing the action. This court, on appeal, held the petition good, reversed the judgment, and remanded the cause for a new trial. Hayes v. Hoffsommer, 120 Okla. 157, 250 Pac. 1009. Upon receipt of the mandate, the case was tried on the merits, resulting in a judgment in favor of defendants.

Plaintiffs contend that the injunction should have been granted because the county superintendent was without jurisdiction to make the order; that the evidence discloses that the petition for annexation did not contain signatures of a majority of the qualified electors of the annexed district. The evidence discloses that there were 78 qualified electors residing in the district; that the petition contained 44 signatures; that 17 of the number signing the petition lived on a tract of land adjoining the city of Garber and known as the Gibson Tract. Plaintiffs contend that this tract was annexed to the city of Garber in 1919, and was therefore a part of the city at the time the petition was signed; that the signatures of the persons residing in this tract could not be

considered, and that, eliminating these signatures, the petition is insufficient.

The evidence discloses that this tract was platted in 1919, and as platted consisted of nine blocks. The evidence further discloses that blocks 1 to 5, inclusive, were annexed to the city of Garber by city ordinance passed on the 15th day of April, 1919. No ordinance was ever passed annexing the other blocks. Block 9, however, was placed on the tax roll as city property in the year 1920, and has been treated as such since that time, and has since that time been assessed for school purposes as property located in independent school district No. 47½. The same proceeding was had as to blocks 7 and 8 in the year 1925. The other platted blocks, as far as the record discloses, are still assessed as property outside of the city of Garber.

Defendants contend that persons residing on blocks 7, 8 and 9 must be considered as residents of the district No. 48, because they never have been annexed to the city by city ordinance. Plaintiffs contend that these blocks must be considered as part of the city because the city, with the acquiescence of the inhabitants thereof, treated the same as such, and exercised jurisdiction thereover, and because district No. 47½ received the benefit of the taxes collected therefrom to the exclusion of the district No. 48. This presents an interesting question, but, as we view it, the question need not be decided, as it is not the decisive issue in the case.

The evidence discloses that on the date of annexation there were 78 qualified electors residing in the district, including residents of the Gibson Tract. Among the 44 signing the petition, 17 resided on this tract. It is stipulated that only one of these 17 resided on blocks 1 to 5, inclusive. The evidence establishes that six of the 17 signers resided on block 9. The evidence further discloses that one of the signers resided in the city of Garber. Plaintiffs, therefore, under their theory of the case, establish only eight disqualified signers, thus reducing the number to 36. While there is some conflict in the evidence as to the exact residence of other contested signers, we resolve this conflict in favor of defendants. Under plaintiffs' theory of the case, electors residing on the Gibson Tract other than blocks 1 to 5, inclusive, and block 9, must be considered as qualified electors for the reason that none of these tracts were annexed by ordinance or placed on the tax roll as city property at the time the petition was signed and the district annexed. The evidence does not disclose the number of qualified electors of district No. 48 residing outside of the Gibson Tract. The evidence discloses the total number to be 78. Deducting from this number seven residing in blocks 1 to 5 and block 9, reduces the total number of qualified electors of the district to 71. Under plaintiffs' theory of the case, 36 qualified electors, which constitute a majority, signed the petition for annexation. The county superintendent, therefore, had jurisdiction to enter the order of annexation.

Plaintiffs further contend that nine signers of the petition withdrew their names therefrom before the order of annexation was entered, and that the order is for this reason void. The evidence discloses that nine of the number did sign a petition withdrawing their names from the original petition. The evidence also establishes that all persons withdrawing from the original petition subsequently filed their affidavit requesting that they be reinstated, and stated that they desired to remain on the petition and favored annexation of the district. Defendants contend that the petition of withdrawal was signed after the order of annexation was made by the county superintendent. Plaintiffs contend that the withdrawal petition was signed prior thereto, and introduced some evidence to that effect. The evidence is conflicting on this issue. The withdrawal petition on its face bears date two days after the order was signed and entered by the county superintendent. The affidavits above mentioned were used at the hearing on appeal before the board of county commissioners. The trial court found the issue on the question of withdrawal in favor of the defendants. This finding is not against the clear weight of the evidence, and we are bound thereby. The withdrawal petition having been filed after the order was entered by the county superintendent, did not affect his jurisdiction, and all withdrawals having been reinstated at the hearing before the board of county commissioners on appeal, its judgment affirming the order is not void because of an insufficient petition.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON and SWINDALL, JJ., disqualified.